IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01592-WJM-MJW

**LEHMAN BROTHERS HOLDINGS INC.,**

    Plaintiff,

v.

**SUNSET MORTGAGE COMPANY, L.P. n/k/a
EAGLE NATIONWIDE MORTGAGE CO., and
EAGLE NATIONAL BANCORP, INC.,**

    Defendants.

---

**STIPULATED PROTECTIVE ORDER** [Docket No 19-1]

---

Pursuant to the stipulation and joint motion of the parties (collectively, the "Parties," or individually, a "Party"), the Court hereby enters this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of information and materials designated as "CONFIDENTIAL":

WHEREAS, the Parties to the above-captioned action (the "Action") may possess confidential, proprietary and/or private information and documents, and such materials are being or may be sought or produced or otherwise disclosed in formal or informal discovery;

WHEREAS, the Parties agree that the production and disclosure of information and documents by them should take place subject to the provisions of a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the Parties stipulate to the entry of this Protective Order to protect the discovery and dissemination of confidential, proprietary and/or private (collectively, "Confidential") information and documents to be produced in this case, and for good cause shown,

IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, that contain Confidential information ("Protected Materials").

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Both the Protected Materials and the information contained therein shall be treated as confidential and shall be used solely for the purpose of prosecuting or defending this Action.

4. A Party or third party may designate as "CONFIDENTIAL" any document or portion of a document that is confidential, proprietary or implicates the privacy interests of an individual or Party.

5. No person receiving such Protected Materials shall, without the consent of the Party producing it or further Order of the Court, directly or indirectly, transfer, disclose, or communicate in any way the contents of the Protected Materials to any person other than those

specified in Paragraph 6. Each party shall use appropriate safeguards to prevent the disclosure of Protected Materials in a manner that would be inconsistent with this Protective Order.

    6.    Access to any Confidential information shall be limited to:

        a.    counsel of record for the Parties and attorneys, paralegal, clerical, secretarial, or other staff employed by such counsel;

        b.    the named Parties and those officers and employees of the Parties deemed necessary to aid counsel;

        c.    current or former employees or agents of the Party or person who produced the Protected Materials;

        d.    the Court presiding over this Action and/or any appellate court hearing any possible appeals from this Action, judicial officers, and court employees;

        e.    mediators and their employees used with the consent of the Parties in connection with any alternative dispute resolution process or any efforts to mediate this Action;

        f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this Action;

        g.    employees of outside copy services used to make copies of Protected Materials;

        h.    subject to paragraph 7 below, witnesses other than the named Parties during any interview, deposition, hearing, or informal meeting conducted by counsel for a Party;

        i.    subject to paragraph 7 below, experts and consultants (including their employees, associates or staff) specifically retained by a Party to perform work in connection with the prosecution or defense of this Action; and/or

        j.    subject to paragraph 7 below, any other person designated by the Court after appropriate motion and hearing or agreed to by the Parties in writing.

    7.    No disclosure to any person described under subparagraphs 6(h), (i) or (j) shall be made unless and until such person has been provided a copy of this Protective Order and has

executed an Acknowledgment of Protective Order in the form attached as Exhibit A. If a person described in subparagraphs 6(h), (i) or (j) is also covered by any other subparagraphs in paragraph 6—other than (h), (i) or (j)—the signed Acknowledgment requirement of this paragraph 7 shall not apply. The original of any executed Acknowledgment of Protective Order shall be maintained by counsel for the Party who obtained it until the final resolution of this Action, and shall only be disclosed to another Party upon a showing of good cause to the Court. The failure of any person to execute an Acknowledgment of Protective Order as required by this paragraph 7 shall not relieve any recipient of Protected Materials from the duty to comply with the provisions of this Protective Order. Nothing in this Protective Order shall prevent the Parties from using their own Protected Materials.

8. Third parties producing documents in the course of this Action may also designate documents as Confidential, subject to the same protections and constraints as the Parties to the Action. A copy of this Protective Order shall be served with any subpoena issued in connection with this Action. All documents produced by such third parties, even if not designated by such third parties as Confidential, shall be treated by the Parties to this Action as Confidential for a period of 30 days from the date of their production. During that 30-day period, any Party may designate some or all such documents as Confidential pursuant to the terms of this Protective Order.

9. A Party may also designate testimony which it deems to be Confidential under this Protective Order, by advising the court reporter of such fact on the record. The court reporter shall separately transcribe those portions of the testimony so designated and shall mark the face of the transcript with the word "Confidential." Portions of testimony may be

designated Confidential on the record at the time testimony is given. Alternatively, portions of testimony may be designated Confidential under the terms of this Protective Order in writing within 30 days after receipt of the transcript by the Party wishing to designate the testimony. Portions of any testimony designated as Confidential shall be marked in all existing and subsequently produced copies of the transcript. If a deposition transcript contains, or is anticipated to contain, a significant amount of Confidential information, the Parties may, by agreement, designate the transcript Confidential in its entirety. Unless otherwise agreed to by the Parties involved, depositions shall be treated as Confidential until 30 days after receipt of the transcript. The deposition of any witness (or any portion of such deposition) that includes Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

10. Any Party who inadvertently fails to designated Protected Materials as Confidential at the time of their production shall provide written notice of the error and substitute copies of the inadvertently produced documents bearing appropriate confidentiality designations. Any Party receiving such substituted documents shall return to the producing Party or destroy all inadvertently produced Protected Materials in its possession that lack the appropriate confidentiality designation and shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation. In keeping with Federal Rule of Evidence 502, no inadvertent production or failure to designate shall result in a waiver of any privilege or protection.

11. If a Party inadvertently discloses Confidential information of another Party or third party to this Action to anyone other than the persons set forth in paragraph 6, counsel for

the Party that made the inadvertent disclosure shall notify all other Parties' counsel of record, or the third party, of the inadvertent disclosure and make reasonable efforts to retrieve the Confidential information and any documents containing such Confidential information and to obtain the agreement of persons to whom the inadvertent disclosure was made to treat the Confidential information in accordance with the terms of this Protective Order.

12. In the event a Party wishes to use Confidential information or Protected Materials produced by another Party or third party in any motion, affidavit, brief, memorandum of law, or other papers filed with the Court in this Action, that Party shall ~~confer with the producing Party to determine whether the producing Party requires that the filing Party~~ file a Motion to Restrict Access pursuant to D.C.COLO.LCivR 7.2(B). All other provisions of this Protective Order shall continue to apply to Confidential information and Protected Materials even though it is not filed with restricted access. In particular, if the Confidential information or Protected Materials will not be filed under restricted access, the Parties shall work together to ensure that all Confidential information and Protected Materials are otherwise protected by other means, including but not limited to redaction.

13. In the event of a hearing or trial in this Action at which any Party intends to present Confidential information or Protected Materials to the Court or a jury, counsel for the Parties will confer to determine what safeguards, if any, may be necessary to protect against the disclosure of the Confidential information, and shall attempt to determine the least intrusive and burdensome means of protecting such materials during the proceeding. Counsel for the Parties shall take appropriate steps to have the Court incorporate in the pretrial order such procedures to the extent, if any, the Court deems such procedures to be appropriate.

1568817

14. A Party designating information as Confidential may change the designation to non-confidential by providing notice to the receiving Party(ies) and delivering substituted documents without a Confidential designation.

15. Prior to designating any material as "Confidential," the producing Party will make a good faith determination that the material is, in fact, subject to this Protective Order. Whenever a Party objects to designation of a document or testimony as Confidential, the objecting party shall notify the Party asserting the designation and attempt to resolve the dispute. If a requested change in designation is not agreed to within ten (10) business days, the Party seeking the change may move the Court for appropriate relief, and, if such information was designated by a third party, provide notice to such third party whose designation of produced documents as Confidential in the Action may be affected. The Party asserting that the material is Confidential shall have the burden of proving that the information in question should be protected from disclosure under applicable law.

16. All documents or transcripts that have been designated Confidential under this Protective Order, and any and all copies, shall be returned to the producing Party within 60 days of the conclusion of this Action, including appeals, whether by trial, settlement, alternative dispute resolution, or whatever means. Alternatively, and at the producing Party's election, the Confidential information may be destroyed, and each Party destroying documents designated as Confidential shall contemporaneously provide an affidavit to the producing Party establishing what documents were destroyed, by what method, and from what repository (hard files, electronic databases, electronic files, etc.). If a Party is voluntarily dismissed from this case through a settlement or otherwise, the procedures set forth in this paragraph shall apply except

that any Confidential information must be returned or destroyed by that Party within 60 days of its dismissal.

17. Any Party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

18. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

The provisions of this Protective Order (and any supplements, amendments or modifications) concerning the use and disclosure of Confidential information and Protected Materials and otherwise safeguarding the confidentiality of Confidential information of the Parties shall continue in effect after the conclusion of this Action. The Court retains and shall have jurisdiction over the Parties and all recipients of Confidential information and Protected Materials, for the enforcement of this Protective Order [until Termination of This Case].

DATED this 25TH day of October, 2013.

BY THE COURT:

_____
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

*s/ Tess Hand-Bender*
Tess Hand-Bender, Esq.
Michael A. Rollin, Esq.
Caleb Durling, Esq.
REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Phone/Fax : (303) 893-6100/6110
E-mail: *thandbender@rplaw.com*

*Attorneys for Lehman Brothers Holdings Inc.*

*s/ Matthew J. Rita*
Matthew J. Rita, Esq.
Neal S. Cohen, Esq.
FOX ROTHSCHILD LLP
1200 17th Street, Suite 975
Denver, Colorado 80202
Phone/Fax: (303) 446-3840/3841
E-mail: *mrita@foxrothschild.com*

*Attorneys for Eagle National Bancorp, Inc. and Eagle Nationwide Mortgage Co.*

1568817